UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAQUONE TAYLOR, individually,

                              Case No. 1:15-cv-5410-BMC

          **Plaintiff,**

v.

**HAPPY M.E.W.S. INC. d/b/a MULHOLLAND'S,** a New York for Profit entity, and **312 GRAND STREET LLC,** a New York for Profit entity,

          **Defendants.**

## DECLARATION OF JAY EGILMEZ

I, Jay Egilmez, pursuant to 28 U.S.C. § 1746, under penalty of perjury declares the following is true and correct:

1. I am a commercial site inspector, who has been performing physical site inspections of commercial properties for nearly ten (10 years to determine whether and to what extent said commercial property complies with the Americans with Disabilities Act and related regulations and architectural guidelines promulgated to assist in the ADA's Enforcement.

2. I have an intimate working knowledge of the 2004 ADA/ABA Accessibility Guidelines for Buildings and Facilities set forth in 36 CFR Part 1191, Appendices B and C, and the New Construction and Alterations portion of Title III set forth in 28 CFR Part 36, Subpart D ("Accessibility Standards"). These guidelines provide architectural regulations to ensure the intent of and compliance with the Americans with Disabilities Act for commercial structures and buildings. Said

**EXHIBIT "4"**

3. guidelines are employed by me in assessing commercial structural compliance issues.

3. I conducted a site inspection of the property located at 312 Grand Street, Brooklyn, New York 11211 on September 8, 2015, pursuant to which I prepared a list of existing structural violations at the site. Said Violations List is attached hereto as Exhibit "A."

4. I also performed a follow-up site inspection on or about February 4, 2016, to photograph all existing structural violations. I later prepared a report detailing said violations, which report is attached hereto as Exhibit "B." The delay in my preparation of this report was caused by my having been unavailable during January due to family obligations outside the United States.

5. With respect to the violations detailed in my report (Ex. B), the following modifications are readily achievable and necessary to ensure Plaintiff has reasonable access to the goods and services offered by Mulholland's:

   i. **Entrance – Level Landing:** Defendant shall modify the entrance to the restaurant so that there is a level landing at the chosen accessible entrance, ensuring that the level landing is large enough to provide maneuvering clearances at the entrance door in compliance with Figure 404.2.4.1 of the 2010 Standards, ensuring that the new landing does not exceed a slope of 1:48 (1/4"/ft.) (2.083%) in any direction; and providing edge protection if there is a drop-off in compliance with ADAAG §404.2.4.

   ii. **Entrance Ramp:** Defendant shall ensure the running slope of the ramp leading into the establishment shall be no greater than 1:12 (8.33%) in compliance with ADAAG §405.2, and that the cross slope of the ramp shall be no greater than 1:48 (2.083%) in compliance with ADAAG §405.3;

   iii. **Accessible Seating:** Defendant shall provide a minimum of 5% of accessible seating, ensuring that the accessible tables are a minimum 30" in width, have 27" of knee clearance and 17" of unobstructed depth in compliance with ADAAG §§206.1, 306.3.2-3.5, and §902.2;

**EXHIBIT "4"**

Defendant also shall establish and implement a policy to educate its staff regarding the location of the accessible tables so that the restaurant staff may offer these accessible tables to people with disabilities as per 28 CFR, §36.201(a);

iv. **Table Ordering & Service:** Defendant shall provide table ordering and service to individuals with disabilities recognizing the existing bar is inaccessible to individuals in wheelchairs;

v. **Restroom Fixtures:** Defendant shall ensure the door lock, mirror and paper towel dispensers are installed so that they are no higher than 48 inches above the finished floor as per ADAAG §308.3;

vi. **Restroom Door Lock:** Defendant shall ensure that entrance door has an *exterior* lever-type door hardware and the *interior* side of the entrance door has a privacy lock that can be operated with a closed fist as per ADAAG §§404.2.7 & 309.4

vii. **Grab Bars:** Defendant shall install grab bars on the rear and side walls of the water closet in accordance with ADAAG §§604 & 609;

viii. **Toilet Paper Dispenser:** Defendant shall relocate the toilet paper dispenser and mount it so the dispenser is no higher than 48 inches above the finished floor as per ADAAG §308.3;

6. The modifications set forth in paragraph 5 are readily achievable and, in my experience, may be implemented at a reasonable construction cost considering the property value as compared to the cost of said remediation efforts.
7. Further affiant sayeth not.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

*[signature]* 2/22/16
Jay Egilmez

**EXHIBIT "4"**

**VIOLATIONS LIST:**

**MULHOLLAND'S**
312 Grand St
Brooklyn 11211

inaccessible path of travel to entrance;

steps leading to entrance door act as a barrier to accessibility;

required ramp not provided for steps leading to entrance;

inaccessible entrance door;

required minimum maneuvering clearance not provided at entrance door;

inaccessible dining tables located at interior dining area;

non-compliant height of dining tables located at interior dining area exceed maximum height allowance;

percentage of existing dining tables required to be accessible not provided at interior dining area;

inaccessible bar;

non-compliant height of bar exceeds maximum height allowance;

required minimum knee and toe clearance not provided at bar;

portion of bar required to be accessible not provided;

inaccessible path of travel to exterior dining area;

existing step at path of travel to exterior dining area acts as a barrier to accessibility;

required ramp not provided for step at path of travel to exterior dining area;

inaccessible dining tables located at exterior dining area;

required minimum knee and toe clearance not provided at dining tables located at exterior dining area;

percentage of existing dining tables required to be accessible not provided at exterior dining area;

inaccessible wall mounted dining counter located at exterior dining area;

non-compliant height of dining counter exceeds maximum height allowance;

required minimum knee and toe clearance not provided at dining counter;

portion of dining counter required to be accessible not provided;



EXHIBIT "A"

compliant signage identifying the restroom not provided as required;

inaccessible door lock at restroom door;

non-compliant height of door lock at restroom door exceeds maximum height allowance;

inaccessible water closet;

required minimum clear floor space not provided at water closet;

non-compliant distance of water closet from side wall;

compliant grab bar not provided as required at rear wall of water closet;

non-compliant mounted distance of existing side wall grab bar from rear wall of water closet;

inaccessible toilet paper dispenser;

non-compliant distance of toilet paper dispenser from water closet;

required minimum knee and toe clearance not provided at lavatory;

inaccessible hand soap dispenser;

non-compliant mounted height of hand soap dispenser exceeds maximum height allowance;

inaccessible mirror located above lavatory;

non-compliant mounted height of mirror exceeds maximum height allowance;



# ADA ACCESSIBILITY INSPECTION REPORT

MULHOLLANDS
312 GRAND ST
BROOKLYN, NY 11211

Prepared by Jay Egilmez

**EXHIBIT "B"**



REQUIRED MINIMUM MANEUVERING CLEARANCE
NOT PROVIDED AT ENTRANCE DOOR.

**ADAAG 404.2.4 Maneuvering Clearances.**
Minimum maneuvering clearances at doors and gates shall comply with 404.2.4.
Maneuvering clearances shall extend the full width of the doorway
and the required latch side or hinge side clearance.



INACCESSIBLE DINING TABLES LOCATED AT INTERIOR DINING AREA.

NON-COMPLIANT HEIGHT OF INTERIOR DINING TABLES EXCEED MAXIMUM HEIGHT REQUIREMENT.

### ADAAG 226 Dining Surfaces and Work Surfaces
### ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink, at least 5 percent of the seating spaces and standing spaces at the dining surfaces shall comply with 902.

### ADAAG 902.3 Height.
The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum and 34 inches (865 mm) maximum above the finish floor or ground.



INACCESSIBLE BAR.

NON-COMPLIANT HEIGHT OF BAR EXCEEDS MAXIMUM HEIGHT ALLOWANCE.

REQUIRED MINIMUM TOE AND KNEE CLEARANCE IS NOT PROVIDED AT BAR.

### ADAAG 226.1 General.
Where dining surfaces are provided for the consumption of food or drink,
at least 5 percent of the seating spaces and standing spaces at the dining surfaces
shall comply with 902.

### ADAAG 902 Dining Surfaces and Work Surfaces
### ADAAG 902.1 General.
Dining surfaces and work surfaces shall comply with 902.2 and 902.3.

### ADAAG Advisory
### ADAAG 902.1 General.
Dining surfaces include, but are not limited to, bars, tables, lunch counters, and booths.

### ADAAG 902.2 Clear Floor or Ground Space.
A clear floor space complying with 305 positioned for a forward approach shall be provided.
Knee and toe clearance complying with 306 shall be provided.

### ADAAG 902.3 Height.
The tops of dining surfaces and work surfaces shall be 28 inches (710 mm) minimum
and 34 inches (865 mm) maximum above the finish floor or ground



INACCESSIBLE TRAVEL PATH TO EXTERIOR DINING AREA.

A RISE IN FLOOR LEVEL IN THE FORM OF A RAISED PLATFORM EXISTS AT THE TRAVEL PATH TO EXTERIOR DINING AREA.

REQUIRED RAMP NOT PROVIDED.

**ADAAG 303.4 Ramps.**
Changes in level greater than ½ inch high shall be ramped, and shall comply with 405 or 406.